Stefani C Schwartz, Esq.
NJ Attorney ID: 014661996
HATFIELD SCHWARTZ LAW GROUP, LLC
240 Cedar Knolls Road, Suite 303
Cedar Knolls, NJ 07927
Phone: (973) 737-8315  Fax: (973) 737-8315
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PIERCE O'DONNELL,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BOUND BROOK BOARD OF EDUCATION, EDWARD SMITH, CHRISTINE LARSON, and DAVID LEPOIDEVIN.<br><br>　　　　　Defendants. | Civil Action No.: 3:23-cv-22821<br><br>**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** |

Defendants Bound Brooke Board of Education, Edward Smith, Christine Larson, and David Lepoidevin ("Defendants") by way of Answer to the Complaint of the Plaintiff herein, says:

**PRELIMINARY STATEMENT**

1. Defendants deny the allegations set forth in Paragraph One of the Complaint.

**PARTIES**

2. Defendants neither admit or deny the allegations in Paragraph Two of the Complaint and leave Plaintiff to his proofs.

3. Defendants admit allegations set forth in Paragraph Three of the Complaint.

4. Defendants admit the allegations set forth in Paragraph Four of the Complaint.

5. Defendants admit the allegations set forth in Paragraph Five of the Complaint.

6. Defendants admit the allegations set forth in Paragraph Six of the Complaint.

1

**JURISDICTION AND VENUE**

7. Defendants deny the allegations set forth in Paragraph Seven of the Complaint.

8. Defendants deny the allegations set forth in Paragraph Eight of the Complaint.

**FACTUAL ALLEGATIONS CREATING LIABILITY**

9. Defendants neither admit nor deny the allegations set forth in Paragraph Nine of the Complaint and leave Plaintiff to his proofs.

10. Defendants neither admit nor deny the allegations set forth in Paragraph Ten of the Complaint and leave Plaintiff to his proofs.

11. Defendants neither admit nor deny the allegations set forth in Paragraph Eleven of the Complaint and leave Plaintiff to his proofs.

12. The allegations set forth in Paragraph Twelve of the Complaint refer to a document that speaks for itself.

**COUNT I: VIOLATION OF DEFENDANT'S RIGHTS TO DUE PROCESS UNDER THE STATE AND FEDERAL CONSTITUTION**

13. Defendants repeat and incorporate Paragraphs One through Twelve as if fully set forth herein.

14. Defendants admit the allegations set forth in Paragraph Fourteen of the Complaint

15. The allegations set forth in Paragraph Fifteen of the Complaint state a legal conclusion, as opposed to a statement of fact, and no response is required. To the extent the allegations do not constitute a legal conclusion, Defendants deny the allegations set forth in Paragraph Fifteen of the Complaint.

16. The allegations set forth in Paragraph Sixteen of the Complaint refer to a document that speaks for itself.

17. Defendants deny the allegations contained in Paragraphs Seventeen of the Complaint.

18. Defendants deny the allegations contained in Paragraph Eighteen of the Complaint.

19. Defendants deny the allegations contained in Paragraph Nineteen of the Complaint.

20. The allegations set forth in Paragraph Twenty of the Complaint state a legal conclusion, as opposed to a statement of fact, and no response is required. To the extent the allegations do not constitute a legal conclusion, Defendants deny the allegations set forth in Paragraph Twenty of the Complaint.

## COUNT II: NEW JERSEY COMMON LAW BREACH OF CONTRACT (CONTRACTUAL BAD FAITH)

21. Defendants repeat and incorporate Paragraphs One through Twenty as if set fully herein.

22. Defendants deny the allegations set forth in Paragraph Twenty-Two of the Complaint.

23. Defendants deny the allegations set forth in Paragraph Twenty-Three of the Complaint.

24. Defendants deny the allegations set forth in Paragraph Twenty-Four of the Complaint.

25. The allegations set forth in Paragraph Twenty-Five of the Complaint state a legal conclusion, as opposed to a statement of fact, and no response is required. To the extent the allegations do not constitute a legal conclusion, Defendants deny the allegations set forth in Paragraph Twenty-Five of the Complaint.

## COUNT III: NEW JERSEY COMMON LAW WRONGFUL TERMINATION

26.     Defendants repeat and incorporate Paragraphs One through Twenty-Five as if set fully herein.

27.     Defendants deny the allegations set forth in Paragraph Twenty-Seven of the Complaint.

28.     The allegations set forth in Paragraph Twenty-Eight of the Complaint state a legal conclusion, as opposed to a statement of fact, and no response is required. To the extent the allegations do not constitute a legal conclusion, Defendants deny the allegations set forth in Paragraph Twenty-Eight of the Complaint.

**COUNT IV: TORTIOUS INTERFERENCE IN CONTRACTUAL RELATIONS**

29.     Defendants repeat and incorporate Paragraph One through Twenty-Eight as if set fully therein.

30.     The allegations set forth in Paragraph Thirty of the Complaint state a legal conclusion, as opposed to a statement of fact, and no response is required. To the extent the allegations do not constitute a legal conclusion, Defendants deny the allegations set forth in Paragraph Thirty of the Complaint.

31.     Defendants deny the allegations set forth in Paragraph Thirty-One.

32.     Defendants neither admit nor deny the allegations contained in Paragraph Thirty-Two of the Complaint and leave Plaintiff to his proofs.

33.     Defendants neither admit nor deny the allegations set forth in Paragraph Thirty-Three of the Complaint and leaves Plaintiff to his proofs.

34.     Defendants neither admit nor deny allegations set forth in Paragraph Thirty-Four of the Complaint and leaves Plaintiff to his proofs.

35. The allegations set forth in Paragraph Thirty-Five of the Complaint state a legal conclusion, as opposed to a statement of fact, and no response is required. To the extent the allegations do not constitute a legal conclusion, Defendants deny the allegations set forth in Paragraph Thirty-Five of the Complaint.

36. Defendants deny the allegations set forth in Paragraph Thirty-Six of the Complaint.

37. The allegations set forth in Paragraph Thirty-Seven of the Complaint state a legal conclusion, as opposed to a statement of fact, and no response is required. To the extent the allegations do not constitute a legal conclusion, Defendants deny the allegations set forth in Paragraph Thirty-Seven of the Complaint.

**WHEREFORE,** Defendants demand dismissal of the Complaint in its entirety with attorneys' fees and costs.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

Defendants acted in a reasonably prudent manner at all times.

### THIRD SEPARATE DEFENSE

Plaintiff's claims are duplicative.

### FOURTH SEPARATE DEFENSE

Defendants maintained the appropriate policies at all times. Defendants followed the law at all times.

### FIFTH SEPARATE DEFENSE

Plaintiff cannot meet his prima facie burden to prevail on the claims made.

## SIXTH SEPARATE DEFENSE

There is no factual or legal basis upon which an award for damages, attorney's fees, costs or interest can be made.

## SEVENTH SEPARATE DEFENSE

Defendants deny any wrongful conduct in any manner whatsoever.

## EIGHTH SEPARATE DEFENSE

Plaintiff's actions are barred by the doctrines of estoppel, laches and unclean hands.

## NINTH SEPARATE DEFENSE

Any harm or damages were the result of Plaintiff's own conduct.

## TENTH SEPARATE DEFENSE

All acts of Defendants were at all times performed in good faith, without malice, and without intent to violate Plaintiff's rights.

## ELEVENTH SEPARATE DEFENSE

Any damages or injuries sustained by Plaintiff were caused by Plaintiff's own conduct.

## TWELFTH SEPARATE DEFENSE

Plaintiff failed to mitigate his damages.

## THIRTEEN SEPARATE DEFENSE

There is no factual or legal basis upon which an award for damages can be made. Plaintiff is not entitled to damages as Defendants did not act or fail to act in a manner sufficient to give rise to damages.

## FOURTEENTH SEPARATE DEFENSE

Plaintiff's claims against Defendants are frivolous, and Defendants are entitled to an award of attorney's fees and costs.

### FIFTEENTH SEPARATE DEFENSE

Any claim of Plaintiff is barred by contributory negligence and/or limited by comparative negligence.

### SIXTEENTH SEPARATE DEFENSE

The claims do not support damages under the Punitive Damages Act.

### SEVENTEENTH SEPARATE DEFENSE

The issue of punitive damages should be bifurcated.

### EIGHTEENTH SEPARATE DEFENSE

Plaintiff failed to exhaust all available administrative remedies.

### NINETEENTH SEPARATE DEFENSE

Defendants reserve the right to assert any separate defenses as continuing investigation, fact development, and discovery may dictate.

### DEMAND FOR STATEMENT OF DAMAGES

In accordance with L. Civ. R. 8.1, demand is hereby made for Plaintiffs to provide Defendants with a written statement of the amount of damages claimed.

### DESIGNATION OF TRIAL COUNSEL

Stefani C Schwartz, Esq. is hereby designated as trial counsel in this matter.

### LOCAL CIVIL RULE 11.2 CERTIFICATION

In accordance with L. Civ. R. 11.2, the undersigned counsel hereby certifies that the within matter in controversy is not the subject of any other action pending in any court or of a pending arbitration or administrative proceeding and that, to the best of counsel's knowledge, there is no other party who should be joined to this action.

                **HATFIELD SCHWARTZ LAW GROUP LLC**
                *Attorneys for Defendants*

                By: */s/ Stefani C Schwartz*
                    STEFANI C SCHWARTZ, ESQ.

Dated: August 20, 2024